IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD LEEDELL HOCUTT                                         PLAINTIFF

v.                      Civil No. 4:18-cv-04154

SHERIFF ROBERT GENTRY, Sevier
County, Arkansas; and
CHRIS WOLCOTT, Jail Administrator,
Sevier County Detention Center                                DEFENDANTS

## **ORDER**

       Plaintiff Richard Leedell Hocutt brought this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. On June 17, 2019, this Court directed Plaintiff to respond to Defendants' Motion for Summary Judgment by July 8, 2019. (ECF No. 15). Plaintiff was advised that failure to comply with the Order "shall subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2)." As of the date of this Order, Plaintiff has not filed a response to Defendant's Motion for Summary Judgment.

       On July 1, 2019, mail sent to Plaintiff's address of record was returned to the Court marked "Return to Sender Not Deliverable as Addressed Unable to Forward." (ECF No. 16). No other address is available for Plaintiff. On July 15, 2019, the Court entered an Order directing Plaintiff to show cause why this action should not be dismissed based on his failure to comply with the Order (ECF No. 15) directing him to file a summary judgment response. (ECF No. 17). The Court gave Plaintiff till July 29, 2019, to respond to the Show Cause Order. To date, Plaintiff has not responded to the Show Cause Order, nor has Plaintiff has sought an extension of time to comply. Plaintiff has also not attempted to provide the Court with his current address.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with a court order. Fed. R. Civ. P. 41(b); *see also Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Local Rule 5.5(c)(2) requires parties appearing *pro se* to monitor their case and to prosecute the action diligently.

Therefore, pursuant to Rule 41(b), Plaintiff's Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey a court order, and his failure to comply with Local Rule 5.5(c)(2).

**IT IS SO ORDERED**, this 12th day of August, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge